```
                                            CLERK'S OFFICE U.S. DIST. COURT
                                                 AT ROANOKE, VA
                                                     FILED
          IN THE UNITED STATES DISTRICT COURT    FEB 14 2006
         FOR THE WESTERN DISTRICT OF VIRGINIA
                   ROANOKE DIVISION            JOHN F. CORCORAN, CLERK
                                             BY:
                                                   DEPUTY CLERK
```

| | | |
|---|---|---|
| JEFFREY A. BEVANS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06cv00098 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NORTHWEST REGIONAL ADULT | ) | |
| DETENTION CENTER, | ) | |
|     Defendants. | ) | By: Jackson L. Kiser |
| | ) | Senior United States District Judge |

Plaintiff Jeffrey A. Bevans, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Bevans alleges that the defendant has denied him the right to participate in a work release program without adequate cause. Bevans makes no claim for relief. After reviewing his complaint, I am of the opinion Bevans fails to state a claim upon which the court may grant relief and, therefore dismiss the suit pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## I.

Bevans alleges that he is currently incarcerated for a parole violation. During his incarceration he has applied to participate in the work-release program; however, his application to participate in that program was denied allegedly due to his poor adjustment while he was released on probation. Bevans alleges that this is inappropriate as he has been court approved to participate in the work release program and, during his previous incarceration, he was permitted

---

[1] Further, Northwestern Regional Adult Detention Center is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Bevans an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

to participate in the work release program.

## II.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Although the Fourteenth Amendment affords prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). However, the Fourth Circuit has explicitly found that there is nothing atypical about prisoners being denied permission to leave jail in order to work. Kitchen v. Upshaw, 286 F.3d 179, 186-187 (4th Cir. 2002)(finding that the plaintiff had not been deprived of any liberty interest when prison officials refused to allow him to participate in a work-release program even though the sentencing order

2

had stated that he may participate in such a program if eligible). Accordingly, as prisoners do not have any liberty interest in participating in a work-release program Bevans' claims are not cognizable under § 1983.

## III.

For the reasons stated herein, the court dismisses Bevans' claims pursuant to § 1915A(b)(1) for failure to state a claim upon which the court may grant relief.

**ENTER**: This 14th day of February, 2006.

Senior United States District Judge